UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SAMUEL EDWARD WHITED,           )
                                )
            Plaintiff,          )
                                )
        v.                      )    No. 4:06-CV-1661-FRB
                                )
DOROTHY PULLEY, et al.,         )
                                )
            Defendants.         )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Samuel Edward Whited for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly-committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks injunctive relief in this action brought pursuant to 28 U.S.C. § 1983. The named defendants are MSOTC employees Dorothy Pulley, Pam Yeager, Brenda Barlon, Zachary Duncan, David Eason, Brian Blann, Julia Hassel, Sherry Hagerty, Stacy Dodson, Jon Rosenboom, and Lynne Eason.

Plaintiff alleges that he is "being forced by nursing staff and day and evening staff to sit at a square table out by the nurses' station desk," because he was "talking too much in dayhall" on November 12, 2006. He further alleges that "there are others . . . on restriction level one . . . [who] get to watch T.V. [and]

talk as they please." Plaintiff claims that his right to freedom of speech has been violated, and he requests this Court to issue an order allowing him "to sit in dayhall . . . along with the three other level ones."

"Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff does not set forth any facts indicating that the eleven named defendants were directly involved in or personally responsible for the violation of his constitutional rights. Moreover, his claims do not rise to the level of a constitutional violation. Therefore, the Court concludes that the instant action is legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue

process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 18th day of December, 2006

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**
